UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BOYER THOMAS LAFORGE, JR.,<br><br>Defendant. | 3:19-CR-30065-RAL<br><br><br>OPINION AND ORDER GRANTING IN PART MOTION TO SUPPRESS AND ADOPTING REPORT AND RECOMMENDATION |

Defendant Boyer Thomas LaForge, Jr. made statements to FBI Agent Benjamin Plante on February 4, 2019, while in tribal custody and then again on April 19, 2019, while being transported to a county jail. He moved to suppress both statements, relying on Miranda v. Arizona, 384 U.S. 436 (1966), and the Fifth and Sixth Amendments. The government did not oppose excluding the April 19 statements as substantive evidence, conceding that LaForge had previously invoked his rights to remain silent and to counsel. Magistrate Judge Mark A. Moreno agreed that the April 19 statements are inadmissible as substantive evidence but recommended denying LaForge's motion in all other respects. LaForge has now filed objections to the report and recommendation.

This Court reviews a report and recommendation under the statutory standards found in 28 U.S.C. § 636(b)(1), which provides in relevant part that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." However, "[i]n the absence of an objection, the district court is not required 'to give any more consideration to the magistrate's report than the

1

court considers appropriate.'" United States v. Murrillo-Figueroa, 862 F. Supp. 2d 863, 866 (N.D. Iowa 2012) (quoting Thomas v. Arn, 474 U.S. 140, 150 (1985)). Having conducted a de novo review of those portions of the report and recommendation to which LaForge objects, this Court adopts the report and recommendation.

I. **February 4, 2019 Statements**

At approximately 3:00 p.m. on February 4, 2019, tribal police arrested LaForge on allegations of rape, domestic abuse, kidnapping, and public intoxication. T. 39–40, 52; Ex. A. The police booked LaForge into the tribal jail and placed him in the detox tank because he refused to take a PBT. T. 58. Agent Plante interviewed LaForge at the tribal jail at around 9:40 p.m., over six hours after LaForge was taken into tribal custody. Ex. 3; T. 13, 19. Agent Plante read LaForge his Miranda rights from an advice-of-rights form before asking him any questions. Ex. 2 at 1:34–2:20; Ex. 3; T. 13–14. LaForge. Ex. 2 at 1:34–2:20; Ex. 3; T. 13–14. LaForge read the consent section of the form aloud (though not word for word) and signed the section in Agent Plante's presence. T. 13–14; Ex. 2 at 1:34–3:15; Ex. 3. Agent Plante spoke with LaForge for just over 50 minutes. Ex. 2.

LaForge argues that his Miranda waiver was ineffective because he was intoxicated. He also claims that his intoxication and Agent Plante's deceitful questioning rendered his statements involuntary. Judge Moreno rejected both of these arguments. Citing LaForge's receipt of Miranda warnings, the lack of any police coercion, and LaForge's conduct during the interview, Judge Moreno concluded that LaForge's statements were voluntary. See Dickerson v. United States, 530 U.S. 428, 444 (2000) ("[C]ases in which a defendant can make a colorable argument that a self-incriminating statement was 'compelled' despite the fact that the law enforcement authorities adhered to the dictates of Miranda are rare." (quoting Berkemer v. McCarty, 468 U.S. 420, 433

n.20 (1984))); United States v. LeBrun, 363 F.3d 715, 724 (8th Cir. 2004) (en banc) (discussing standard for determining whether a statement was voluntary). He also found that LaForge had knowingly, voluntarily, and intelligently waived his Miranda rights because, among other reasons, LaForge signed a form stating that he understood his rights and did not seem intoxicated during the interview. See Colorado v. Spring, 479 U.S. 564, 573–74 (1987) (setting forth standard for knowing and voluntary waiver or Miranda rights); North Carolina v. Butler, 441 U.S. 369, 373 (1979) ("An express written or oral statement of waiver of the right to remain silent or of the right to counsel is usually strong proof of the validity of that waiver . . . .").

This Court agrees with Judge Moreno's factual findings and legal conclusions. The objections LaForge now makes to these conclusions were, in large part, fully addressed by Judge Moreno. The only specific objection LaForge makes is to Judge Moreno's finding that LaForge did not exhibit any indicia of intoxication during the interview. LaForge points to a tribal police officer's testimony that LaForge smelled like alcohol when he was arrested around 3:00 p.m.; testimony that LaForge said he didn't understand his rights when tribal officers read them aloud while arresting him; and testimony from a tribal correctional officer that he believed LaForge was intoxicated when he led LaForge from the detox tank to meet with Agent Plante.

This testimony does not establish that LaForge's Miranda waiver was invalid or that his statements were involuntary. First, LaForge was in custody, without access to alcohol, for over six hours before Agent Plante interviewed him at 9:40 p.m. The arresting officer's testimony about LaForge's condition at 3:00 p.m. is of limited relevance to determining LaForge's condition more than six hours later. Second, although the correctional officer believed LaForge was intoxicated, Agent Plante, whom Judge Moreno found credible, testified that LaForge did not exhibit any signs of intoxication by 9:40 p.m., T. 12, 14–16, and seemed to understand his rights, T. 14. More

3

importantly, LaForge's conduct during the interview is plainly inconsistent with being so intoxicated that he was incapable of making an informed decision. LaForge engaged in a rational and coherent dialogue with Agent Plante. He recalled events from the previous day; insisted that the sex between him and the alleged victim was consensual and that he never assaulted her; accused the alleged victim of lying, infidelity, and drug use; and recognized that Agent Plante was trying to get him to confess. Ex. 2. In sum, even if LaForge had some lingering effect from ingesting alcohol more than six hours before his statements, that would not be enough to overcome the government's strong evidence that his waiver was valid, and his statements were voluntary. See United States v. Contreras, 372 F.3d 974, 977–78 (8th Cir. 2004) (upholding conclusion that a suspect who used methamphetamine the night before and marijuana the day he waived his rights consented voluntarily because police officers testified that he "appeared sober and in control of his faculties"); United States v. Turner, 157 F.3d 552, 555–56 (8th Cir. 1998) (finding that the defendant's conduct established that his waiver was knowing and voluntary even though he had a low-average IQ and was under the influence of PCP).

## II.     April 19, 2019 Statements

On April 19, 2019, Agent Plante drove LaForge from the tribal jail to the Hughes County Jail. Before starting the trip, Agent Plante activated his recording device and read LaForge his Miranda rights. Ex. 1. LaForge made some statements in response to Agent LaPlante's questioning. Although the government consented to these statements being inadmissible as substantive evidence, Judge Moreno found that they were voluntary and therefore could be used for impeachment.

LaForge objects to this conclusion but does not specify any particular grounds for doing so. This Court overrules LaForge's objection for the reasons explained in the report and

4

recommendation. In short, nothing about the April 19, 2019 interview comes close to suggesting that LaForge's statements were "extracted by threats, violence, or express or implied promises sufficient to overbear [LaForge's] will and critically impair his capacity for self-determination." LeBrun, 363 F.3d at 724 (citation omitted). Because LaForge's statements were voluntary, the government may use them to impeach him.

**III.     Conclusion**

For the reasons stated above, it is hereby

ORDERED that the Report and Recommendation, Doc. 52, is adopted. It is further

ORDERED that LaForge's Motion to Suppress Statements, Doc. 38, is granted in part and denied in part as set forth in this Opinion and Order.

DATED this 16th day of September, 2019.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE